David Michael THRASHER, Appellant,

v.

Bill ARMONTROUT, Warden, Appellee.

No. 85–1451.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1986.

Decided Feb. 19, 1986.

Rehearing and Rehearing En Banc
Denied March 21, 1986.

Springfield Baldwin, St. Louis, Mo., for appellant.

Mark Edelman, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY,[*] District Judge.

McMILLIAN, Circuit Judge.

David Michael Thrasher appeals from a final judgment entered in the District Court for the Eastern District of Missouri[1] denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For reversal appellant contends that the

---

[*] The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation.

[1] The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

district court erred in holding that a pre-trial line-up was constitutional. For the reasons discussed below, we affirm.

Following a jury trial, appellant was convicted of forcible rape and kidnapping. He was sentenced to consecutive sentences of 25 years for the rape and 10 years for the kidnapping. The relevant facts are as follows.

Between 11:00 and 11:30 p.m. on September 24, 1981, a twenty year old woman, who had been walking home from a party where she had consumed about five beers in about four hours, was approached by a man in a red automobile. The man, later identified by the woman as appellant, asked her if she wanted a ride. She refused and subsequently appellant, armed with a knife, forced her into the automobile. At some point during the one and one-half hour abduction, appellant raped the woman.

On September 25, 1981, at approximately 2:25 a.m., police officers questioned the victim about the rape. The victim described her assailant as a black male, approximately 5 feet 7 inches to 5 feet 9 inches in height, 25 to 30 years of age, and having beaded or braided hair, and possibly a mustache. In addition, the victim described the automobile in which the rape took place as a 1970's red and white Monte Carlo or Malibu.

On November 2, 1981, police detectives went to the victim's home to show her photographs of appellant's automobile and a photograph of a line-up which included appellant. The victim identified appellant as her assailant and identified his automobile as the one in which she was raped. After looking at the photos, the victim went to the police department to look at the automobile and to view a line-up, which included appellant and three other men. Because appellant was uncooperative, he had to be carried into the line-up room and restrained by two deputies. At one time the deputies were forced to raise appellant's head so that the victim could view his face. The victim identified appellant as her assailant. At trial the victim again identified appellant as her assailant.

Appellant appealed his conviction on the sole ground that the line-up was impermissibly suggestive because he was forcibly held up by the deputies. The state appellate court rejected this contention, finding that the victim had had ample opportunity to view appellant during her abduction and had identified appellant as her assailant in the photograph of the other earlier line-up. The court also noted that appellant's own contumacious conduct forced the deputies to hold him upright. *State v. Thrasher*, 663 S.W.2d 776, 776–77 (Mo.Ct.App.1984).

Appellant then filed the present habeas corpus petition. The case was referred to a magistrate who found that, given the "totality of the circumstances," the victim's identification of appellant was "sufficiently reliable" and therefore constitutional and recommended denial of the petition. *See Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). After reviewing appellant's objections to the magistrate's recommendation, the district court adopted the recommendation.

On appeal appellant primarily argues that the victim's identification was unreliable because at the time of the attack she was intoxicated.[2] We disagree. The magistrate noted that the victim had admitted to having five beers. The magistrate, however, properly applied the statutory presumption of correctness, 28 U.S.C. § 2254(d), to the state court findings of fact concerning the reliability of the victim's identification of appellant. *See Graham v. Solem*, 728 F.2d 1533, 1540–48 (8th Cir.) (banc), *cert. denied*, — U.S. —, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984). On the facts of this case, the district court did not err in holding that the line-up was not unconstitutional.

---

**2.** On appeal it is unclear whether appellant is also challenging the victim's identification of him in the photograph of the other earlier line-up. However, appellant did not raise as error the photographic identification in his direct appeal in the state court and therefore that identification is not reviewable in this court.

Accordingly, the judgment of the district court is affirmed.